IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUANITA FAUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST CAPITAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JUANITA FAUX, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, FIRST CAPITAL CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JUANITA FAUX, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Des Moines, County of Polk, State of Iowa.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Town Financial Ingersoll (hereinafter "TFI").

6. The debt that Plaintiff allegedly owed TFI was for a loan, the funds of which were for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FIRST CAPITAL CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Iowa.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about May 18, 2010, Plaintiff signed a confession of judgment (hereinafter "CJ") with Town Financial with respect to the debt she allegedly owed to TFI. (See a true and exact copy of the confession attached hereto as **Exhibit A**).

15. Pursuant to the aforesaid confession, Plaintiff owed a debt in the amount of $6,779.16.

16. At the time of signing the aforesaid confession, Plaintiff asked Town Financial whether Town Financial would waive the portion of the confession relating to the accumulation of interest on Plaintiff's alleged debt.

17. Town Financial informed Plaintiff that as long as she made payments to Town Financial that she would not be charged interest on the debt she allegedly owed.

18. Pursuant to the aforesaid confession, Plaintiff was obligated to make monthly payments in the amount of $150.00.

19. On or about May 18, 2010, Plaintiff made a payment of $25.00 to Town Financial relative to the debt at issue in the aforesaid confession.

20. In June 2010, Plaintiff made a payment of $150.00 to Town Financial relative to the debt at issue in the aforesaid confession.

21. On or about July 17, 2010, Plaintiff made a payment of $150.00 to Town Financial relative to the debt at issue in the aforesaid confession.

22. On or about August 17, 2010, Plaintiff engaged in a telephone conversation with Mr. Steven Matthew, a representative of Town Financial.

23. Plaintiff inquired whether her monthly payments could be lowered to $100.00 a month.

24. Town Financial informed Plaintiff that she could lower her monthly payments to $100.00 a month and that her account would be updated to reflect the decreased amount of her monthly payments.

25. Plaintiff further asked if lowering her monthly payments would cause interest to accumulate on her account.

26. Town Financial informed Plaintiff that if she continued to make monthly payments at the agreed upon reduced rate of $100.00 then she would not be charged with interest relative to her account.

27. Subsequent to the aforementioned telephone conversation, on or about August 17, 2010, Plaintiff made a payment of $100.00 to Town Financial relative to the debt at issue in the aforesaid confession.

28. Due to Plaintiff's payments, as delineated above, on or about August 31, 2010, Plaintiff owed $6,354.16 relative to her account with TFI.

29. On or about August 31, 2010, Mr. Noah Davis, a duly authorized representative of Defendant sent Plaintiff a correspondence in an attempt to collect the debt allegedly owed by Plaintiff to TFI. (See a true and exact copy of said correspondence attached hereto as **Exhibit B**).

30. The aforementioned correspondence was Defendant's initial communication with Plaintiff.

31. The aforementioned correspondence stated that Plaintiff's account balance with TFI was $7,168.76.

32. At the time Defendant sent the aforementioned correspondence Plaintiff owed less than $7,168.76 relative to the debt on which Defendant was attempting to collect.

33. By attempting to collect funds from Plaintiff in excess of the amount she allegedly owed, Defendant misrepresented the amount of the debt on which it was attempting to collect.

34. The aforementioned correspondence stated "[u]nless you notify us in *writing* within (30) days after receipt of this letter that the validity of this debt, or any portion of it is disputed, we will assume that the debt is valid." (*Emphasis added*).

35. Defendant's representation, as delineated above, was false, deceptive and/or misleading given that Plaintiff was not required to dispute the validity of the debt within in the aforementioned time period in writing.

36. The aforementioned correspondence further stated "[y]our dispute should include any supporting documentation to validate your reason for non payment."

37. Defendant's representation that Plaintiff's dispute should include supporting documentation had the effect of conveying to an unsophisticated consumer that the debt on which Defendant was attempting to collect could not be disputed unless Plaintiff provided Defendant with documentation to evince that the debt was disputed.

38. Defendant's representation that documentation had to be provided to Defendant so that the debt could be disputed was false, deceptive and/or misleading given that submitting documentation was not required to dispute the debt on which Defendant was attempting to collect.

39. On or about September 15, 2010, Plaintiff made a payment of $100.00 to Town Financial relative to the debt at issue in the aforesaid confession.

40. On or about October 16, 2010, Plaintiff made a payment of $100.00 to Town Financial relative to the debt at issue in the aforesaid confession.

41.     On or about November 15, 2010, Plaintiff made a payment of $100.00 to Town Financial relative to the debt at issue in the aforesaid confession.

42.     On or about December 15, 2010, Plaintiff made a payment of $100.00 to Town Financial relative to the debt at issue in the aforesaid confession.

43.     Due to Plaintiff's payments, as delineated above, on or about December 27, 2010, Plaintiff owed $5,954.16 relative to her account with TFI.

44.     On or about December 27, 2010, Mr. Davis sent Plaintiff a further correspondence in an attempt to collect a debt allegedly owed by Plaintiff to TFI. (See a true and exact copy of said correspondence attached here to as **Exhibit C**).

45.     The aforementioned correspondence stated that Plaintiff's account balance with TFI was $6,653.25.

46.     At the time Defendant sent the aforementioned correspondence Plaintiff owed less than $6,653.25 relative to the debt on which Defendant was attempting to collect.

47.     By attempting to collect funds from Plaintiff in excess of the amount she allegedly owed, Defendant misrepresented the amount of the debt on which it was attempting to collect.

48.     On or about January 6, 2010, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Mr. Davis.

49.     At no time during the course of the aforementioned telephone conversation did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

50.     During the aforesaid telephone call Mr. Davis told Plaintiff that she was in default for failing to comply with the payment plan.

51. Defendant's representation that Plaintiff was in default was false, deceptive and/or misleading given that Plaintiff had made payments in accordance with the agreed upon terms of the payment plan.

52. Defendant's representation that Plaintiff was in default falsely represented the character and/or nature of the debt on which it was attempting to collect given that Plaintiff had made payments in accordance with the agreed upon terms of the payment plan.

53. Plaintiff was not in default as Plaintiff was making payments in accordance with the terms entered into by Plaintiff and Town Financial.

54. Plaintiff informed Defendant that she had complied with the terms of the payment plan that she had entered into with Town Financial.

55. Defendant then told Plaintiff that the agreement she entered into with Town Financial was "null and void."

56. Defendant then informed Plaintiff that she had to pay Defendant $150.00 a month.

57. Defendant further informed Plaintiff that interest would be accumulating on her account.

58. Plaintiff told Defendant that pursuant to her agreement with Town Financial, she was permitted to make payments of $100.00 a month towards the account.

59. Plaintiff also told Defendant that pursuant to her agreement with Town Financial, no interest would accumulate on her account as long as she made monthly payments to Plaintiff.

60. Defendant then reiterated to Plaintiff that she had to pay Defendant $150.00 a month and that interest would be accumulating on her account.

61. Defendant also told Plaintiff that if she did not make the aforesaid payments then it would "let the Polk County District Court know that Plaintiff was in default."

62. Defendant further told Plaintiff that if she did not make the aforesaid payments then Defendant would enter the consent judgment signed by Plaintiff with the Court.

63. Defendant told Plaintiff that if the consent judgment was entered with the Court then Defendant would obtain a judgment against her so that Defendant could garnish Plaintiff's wages and her bank account.

64. Defendant's representations that it would inform the Court that Plaintiff was in default of making payments were false, deceptive and/or misleading given that Plaintiff was not in default as Plaintiff was making payments in accordance with the terms of the agreement entered into between Plaintiff and Town Financial.

65. Defendant's representation that it would enter the consent judgment signed by Plaintiff with the Court was an attempt by Defendant to coerce Plaintiff into making higher payments to Defendant despite the fact that Plaintiff was making regular and timely payments in accordance with the terms of the agreement entered into by Plaintiff and Town Financial.

66. Defendant's representation that it would garnish Plaintiff's wages and her bank account was an attempt by Defendant to coerce Plaintiff into making higher payments to Defendant despite the fact that Plaintiff was making payments in accordance with the terms of the agreement entered into by Plaintiff and Town Financial.

67. In its attempts to collect the debt allegedly owed by Plaintiff to TFI, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA; and,

    j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

68. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

69. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUANITA FAUX, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

             Respectfully submitted,
             **JUANITA FAUX**

          By: s/ David J. Steen
            Attorney for Plaintiff

Dated: February 22, 2011

David J. Steen
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (515) 724-3384
Facsimile: (888) 418-1277
E-Mail: dsteen@smithlaw.us